# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | | |
|---|---|---|
| **SANDRA FUENTES, individually and on behalf of others similarly situated,**<br>*Plaintiff*<br><br>**v.**<br><br>**ENHANCED RECOVERY SERVICES 2, INC. dba ENHANCED RECOVERY SERVICES, et al.**<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:22-CV-317-RP** |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Kimberly Gilley's Motion to Dismiss Plaintiffs' Complaint, Dkt. 17, and Plaintiff Mark Nestor's Motion to Dismiss Plaintiffs' Complaint, Dkt. 19; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I. BACKGROUND

This is a Fair Debt Collection Act case brought by Plaintiff Sandra Fuentes against various Defendants. Defendants Kimberly Gilley and Mark Nestor separately move to dismiss Fuentes's complaints against them, asserting that neither was ever a "principal, owner, member, officer, director, shareholder, and/or managing partner of ERSI," and that therefore, because they never acted as debt collectors, Fuentes

cannot state a claim against them under the Act. Dkt. 17, at 1; Dkt. 19, at 2. Both rely on the separate affidavits of Charles Gilley, principal of Defendant ERSI (and Kimberly Gilley's husband), in which he avers that neither Gilley nor Nestor is involved in ERSI as described above. Dkts. 17-4, 19-1. Kimberly Gilley also relies on her own affidavit averring she has no involvement in ERSI. Dkt. 17-3. Nestor also moves to dismiss asserting he was not timely served with process.

Fuentes responds that Defendants are improperly relying on extraneous evidence to support their motions, and doing so is improper at the motion to dismiss stage and prior to discovery. The undersigned agrees.

## II. LEGAL STANDARDS

### A. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does

in fact exist." *Id*. In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

**B. 12(b)(5)**

A Rule 12(b)(5) motion allows a party to file a motion to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Under Rule 12(b)(5), a district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994)). For service to be effective, a plaintiff must comply with the mandates of Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4. When service is challenged, the party responsible for service bears the burden of establishing its efficacy. *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing but provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008)). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin*, 289 F. App'x at 692 ((citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1999)). "Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some

reasonable basis for noncompliance within the time specified is normally required.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). If a plaintiff can establish good cause for the delay, the court must extend the time for service; however, even when the plaintiff lacks good cause, the court still retains its discretionary power to extend the time for service in certain circumstances. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996); *Millan v. USAA GIC*, 546 F.3d 321, 325 (5th Cir. 2008).

**C. 12(b)(6)**

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

Both Kimberly Gilley and Mark Nestor move to dismiss Fuentes' claims pursuant to Rule 12(b)(6). In resolving a motion to dismiss for failure to state a claim, the court may only consider documents that are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343

F.3d 533, 536 (5th Cir. 2003). Here, the undesigned declines to convert this motion to dismiss into a motion for summary judgment by considering matters outside the pleadings because, if anything, the affidavits relied upon raise disputes of material fact that are not ripe for resolution at this stage in the litigation. *See Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980) ("'(t)he court has complete discretion to determine whether or not to accept any material beyond the pleadings'" (quoting 5 Wright & Miller, Federal Practice and Procedure § 1366)). As such, the undersigned will not consider Charles and Kimberly Gilley's affidavits in resolving the 12(b)(6) motions to dismiss Fuentes' claims against Kimberly Gilley and Nestor. Accordingly, these motions to dismiss should be denied. *See Kleinman v. City of Cedar Park*, A-22-CV-00527-LY, 2022 WL 3567352, at *4 (W.D. Tex. Aug. 18, 2022).

Nestor moves to dismiss on the additional basis that he has not been properly served. He asserts that Fuentes's Complaint was filed on April 5, 2022, and that Fuentes failed to serve him within 90 days as required by Federal Rule of Civil Procedure 4(m). Nestor further asserts that Fuentes requested an extension to serve, which was granted by the Court, but Fuentes missed the extended date of November 1, 2022, and did not serve him until November 5, 2022. Additionally, Nestor contends that the affidavit of service has not been filed with the Court. The docket reflects otherwise. Dkt. 14. Nestor moves to dismiss for Fuentes's alleged failure to prosecute the case against him and for failure to follow a court order.

The undersigned finds that dismissal of Fuentes's claims against Nestor are improper at this time. The record reflects that she requested an extension to serve

him with process, and that although it was a few days past the deadline, Nestor was properly served.

Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 90 days of filing the complaint. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. *Id.* Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service. *Id.* The undersigned finds that a discretionary extension of four days is warranted in this case, and Fuentes's claims against Nestor should not be dismissed for the failure to timely effect service or failure to follow a court order.

Lastly, in his Reply, Nestor challenges Fuentes's standing, arguing she has failed to assert any factual basis supporting her standing to bring an FDCA claims against him. Article III grants jurisdiction to federal courts only over actions involving an "actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Accordingly, Fuentes bears the pleading burden of establishing the three "familiar elements of standing." *Shrimpers & Fishermen of RGV v. Tex. Comm'n on Env't Quality*, 968 F.3d 419, 424 (5th Cir. 2020) (per curiam). She must plead that she has suffered (1) an injury in fact, (2) that is fairly traceable to the Defendants' actions, (3) that is likely to be redressed by a favorable outcome. *Id.*; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). All three elements are "an indispensable part of [Plaintiff's] case." *Lujan,* 504 U.S. at 561.

Here, Fuentes has pleaded that Nestor is a "debt collector" under the statute, that he "personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, oversaw and profited from the illegal policies and procedures used by himself and other ERSI employees contained of herein." Dkt. 1, at 7. Fuentes maintains that Defendants violated the FDCA, as well as other statutes, when they attempted to collect a debt past the relevant statute of limitations, sending her false, deceptive, and misleading communications in an attempt to collect the debt. *Id.*, at 8-9. She alleges this caused her an injury in fact. Accordingly, Fuentes has sufficiently pleaded the elements of standing.

Moreover, Nestor's argument that Fuentes does not have "standing" to bring a claim against him, is simply a rehash of his Rule 12(b)(6) argument. Whether Nestor is a proper defendant is a fact question and can only be resolved by the Court after consideration of evidence, necessitating a motion for summary judgment. Accordingly, Nestor's motion to dismiss on this issue is premature.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Defendant Kimberly Gilley's Motion to Dismiss Plaintiffs' Complaint, Dkt. 17, and Plaintiff Mark Nestor's Motion to Dismiss Plaintiffs' Complaint, Dkt. 19. The referral to the undersigned is canceled.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 26, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE